LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MICHAEL A. HALE (State Bar No. 319056)
mhale@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendants
MICHAEL KRAUT and KM
SILVERLAKE, LLC

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SARAH SALEM, an individual; and NAIF MASSOUD, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL KRAUT, an individual; KM SILVERLAKE, LLC, a California Limited Liability Company; and HOWARD MANAGEMENT, a California Corporation,<br><br>Defendants.<br>------------------------------------------------<br>MICHAEL KRAUT, an individual,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>SARAH SALEM, an individual,<br><br>Counterclaim Defendant. | **CASE NO. 8:25-cv-01544-FWS-ADS**<br><br>**DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND DEFENDANT MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT**<br><br>Assigned to the Hon. Fred W. Slaughter and Magistrate Judge Autumn D. Spaeth<br><br>**DEMAND FOR JURY TRIAL** |

791901.1

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

Defendants Michael Kraut and KM Silverlake, LLC (collectively, "Defendants") hereby respond to the Second Amended Complaint for Injunctive, Declaratory, and Monetary Relief ("Second Amended Complaint") filed by Plaintiffs Sarah Salem and Naif Massoud (together, "Plaintiffs") as follows:

1.      Defendants admit that Plaintiffs filed an action against Defendants for injunctive relief, compensatory and punitive damages, and attorneys' fees and costs for purported tenant harassment and discrimination on the basis of national origin, immigration status, and sex in violation of the federal Fair Housing Act, the California Fair Employment and Housing Act, the Unruh Act, the California Unfair Competition Law, the Los Angeles Tenant Anti-Harassment Ordinance, and other state and local laws.  Defendants deny Plaintiffs are entitled to any relief on their claims and deny all remaining allegations in Paragraph 1.

## I.      JURISDICTION AND VENUE

2.      Paragraph 2 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3.      Paragraph 3 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 3.

## II.      THE PARTIES

### A.      Plaintiffs

4.      Defendants admit that the property located at 1492 Silver Lake Blvd., Los Angeles, CA 90026 (the "Property") is a 4-unit building located in the Silver Lake neighborhood of Los Angeles.  Defendants also admit that Plaintiff Sarah Salem has been a tenant at the Property since at least September 6, 2013.  The second sentence of Paragraph 4 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 4.  Defendants admit that KM

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

Silverlake, LLC owns the Property and that Howard Management manages the Property. Defendants deny the remaining allegations in Paragraph 4.

5. Defendants admit that Plaintiff Naif Massoud submitted an application to be a tenant at the Property. Defendants lack information sufficient to form a belief as to the truth of the allegation in Paragraph 5 regarding Plaintiff Naif Massoud's residency and, on that basis, deny the allegation. Defendants lack information sufficient to form a belief as to the truth of the allegation that Plaintiff Naif Massoud is Plaintiff Sarah Salem's husband and, on that basis, deny the allegation. The third sentence of Paragraph 5 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in the third sentence of Paragraph 5. Defendants deny the remaining allegations in Paragraph 5.

## B.    Defendants

6. Defendants admit that Michael Kraut is a manager/member of KM Silverlake, LLC, and that Michael Kraut has conducted inspections, communicated with tenants, and participated in approval decisions regarding prospective tenants. The portion of the first sentence of Paragraph 6 alleging that Michael Kraut "has decision-making authority" and the second sentence of Paragraph 6 contain legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 6. Defendants admit that Michael Kraut is a licensed attorney in California. Defendants deny the remaining allegations in paragraph 6.

7. Defendants admit that KM Silverlake, LLC owns the Property. The second sentence of Paragraph 7 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegation in the second sentence of Paragraph 7.

8. Defendants admit that Howard Management manages the Property on behalf of KM Silverlake, LLC. Defendants admit that Howard Management has

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

communicated with tenants and prospective tenants and processed and participated in the approval process with respect to rental applications.  Defendants admit that Howard Management oversees day-to-day management of the Property.  Defendants deny the remaining allegations in Paragraph 8.

9.    Defendants admit that the Property is subject to the Los Angeles Rent Stabilization Ordinance.  The second sentence of Paragraph 9 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of Paragraph 9.

10.    Paragraph 10 contains legal conclusions and/or arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 10.

### III.    FACTUAL ALLEGATIONS

11.    Defendants admit that Sarah Salem is a tenant at the Property in a two-bedroom apartment.  Defendants admit that, as of the date of the Second Amended Complaint, Sarah Salem's monthly rent was $2,411.96, plus an additional $100 for two cats to be on the lease.  Defendants lack sufficient information to form a belief as to the truth of the allegations regarding the remainder of the allegations in Paragraph 11 and, on that basis, deny the remaining allegations.

12.    Defendants admit that the Property is subject to the Los Angeles Rent Stabilization Ordinance.  The remainder of Paragraph 12 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13.    Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, deny the allegations.

14.    Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny the allegations.

15.    Defendants admit that the Property was sold in July 2013 and that the

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

Property was purchased by Manor Ranch, LLC and was subsequently transferred to KM Silverlake, LLC.  The remainder of the third sentence of Paragraph 15 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in the third sentence of Paragraph 15.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 15 and, on that basis, deny the remaining allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants admit that Michael Kraut engaged in discussions with Ms. Salem and her sister regarding their desire to add two cats to the lease.  Defendants admit that, on or around September 4, 2013, Michael Kraut provided Ms. Salem and her sister with a lease agreement reflecting the addition of two cats to the lease. Defendants admit that Michael Kraut requested that Sarah Salem and her sister execute and return the lease by September 6, 2013.  Defendants deny the remaining allegations in Paragraph 17.

18. Defendants admit that Nora Salem and Sarah Salem signed a lease that included two cats.  Defendants admit the lease term began in November 2013. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants admit that Nora Salem sent a letter to Michael Kraut and Manor Ranch LLC in the fall of 2015 indicating an intent to vacate the Property on or before 30 days from the date of the letter.  Defendants admit that Michael Kraut indicated to Nora Salem that there was an issue with her attempt to remove herself from the lease given liability issues in connection with damages caused to the Property by her cats and that the liability issue would need to be addressed before she could be removed from the lease.  Defendants deny the remaining allegations in the second sentence of Paragraph 19.  Defendants lack sufficient information to form a belief as to the truth of the allegations in the third sentence of Paragraph 19 and, on that basis, deny the allegations in the third sentence of Paragraph 19.

20.    Defendants admit that Sarah Salem has been a tenant at the Property from September 6, 2013 to the present.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 20 and, on that basis, deny the remaining allegations in Paragraph 20.

21.    Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, deny the allegations.

22.    Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, deny the allegations.

23.    Defendants admit that Michael Kraut knocked on Sarah Salem's door on January 16, 2025 and asked for permission to inspect Ms. Salem's apartment to identify potential leaks and cracks.  Defendants lack sufficient information to form a belief as to the truth of the allegations in the second sentence of Paragraph 23 and the allegations regarding the Palisades and Eaton fires and, on that basis, deny those allegations.  Defendants deny the remaining allegations in Paragraph 23.

24.    Defendants admit that Sarah Salem consented to Michael Kraut's inspection of the apartment.  Defendants admit that Michael Kraut spoke with Sarah Salem during the inspection, that there was a child in the apartment, and that Michael Kraut and Sarah Salem engaged in friendly conversation regarding the child.  Defendants lack sufficient information to form a belief as to Ms. Salem's motivation for consenting to the inspection and, on that basis, deny the allegation.  Defendants deny the remaining allegations in Paragraph 24.

25.    Defendants admit that Michael Kraut inspected multiple areas of the apartment to identify actual or potential water intrusion issues.  Defendants deny the remaining allegations in Paragraph 25.

26.    Defendants admit that Michael Kraut saw Naif Massoud in the apartment and examined multiple areas of the apartment while looking for actual or potential water intrusion issues, and that Sarah Salem, not Michael Kraut, turned on a light.  Defendants lack sufficient information to form a belief as to the truth of the

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

allegations in the first sentence of Paragraph 26 and, on that basis, deny the allegations in the first sentence of Paragraph 26.  Defendants lack sufficient information to form a belief as to the truth of the allegations regarding what Naif Massoud was purportedly watching or regarding Ms. Salem's purported use of blackout curtains and, on that basis, deny those allegations.  Defendants deny the remaining allegations in Paragraph 26.

27.    Defendants admit that Michael Kraut left Sarah Salem's apartment at some point after seeing Naif Massoud.  Defendants deny the inference that Mr. Kraut ended the inspection because he saw Mr. Massoud.

28.    Defendants admit that they have not sent any plumbers or repair persons to Ms. Salem's apartment after January 20, 2025 to fix leaks or cracks.  Defendants deny the allegations in the second sentence of Paragraph 28.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 28 and, on that basis, deny the remaining allegations in Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29.

30.    Defendants admit that an attorney named Richard Jacobs sent an email to Sarah Salem on January 22, 2025 attaching a letter dated January 21, 2025, but Defendants deny Plaintiffs' characterization of those documents and any allegations inconsistent with those documents.

31.    Defendants admit that Sarah Salem emailed Richard Jacobs and two employees from Howard Management on January 23, 2025, but Defendants deny Plaintiffs' characterization of that document and any allegations inconsistent with the document.  Defendants deny the remaining allegations in Paragraph 31.

32.    Defendants admit that Sarah Salem's online portal was temporarily locked on or around February 1, 2025 pending an investigation into a potential undisclosed and unauthorized occupant.  Defendants admit that Howard Management's offices are closed on weekends.  Defendants admit that Sarah

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

791901.1

7

Salem's lease agreement does not contain a grace period for late payments and provides for a $150 initial late fee. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in the second and third sentences of Paragraph 32 and, on that basis, deny the remaining allegations in the second and third sentences of Paragraph 32. Defendants deny the remaining allegations in Paragraph 32.

33.    Defendants admit that Sarah Salem sent two emails to certain employees of Howard Management on February 1, 2025, but deny Plaintiffs' characterization of those documents and any allegations inconsistent with those documents. Defendants admit that a response was provided to Sarah Salem on February 4, 2025 confirming receipt of payment. Defendants deny the remaining allegations in Paragraph 33.

34.    Defendants admit that Howard Management restored Sarah Salem's ability to make online payments on February 5, 2025. Defendants admit that Sarah Salem sent an email to two employees of Howard Management on February 6, 2025, but deny Plaintiffs' characterization of the document and any allegations inconsistent with the document.

35.    Defendants admit that Daniel Sloan is the President of Howard Management and a licensed real estate broker. Defendants admit that Daniel Sloan sent Sarah Salem an email on February 7, 2025, but deny Plaintiffs' characterization of the document and any allegations inconsistent with the document.

36.    Defendants deny that "they were willing to act unlawfully in their interactions with Ms. Salem and Mr. Massoud." Defendants admit they are aware that a complaint was submitted to the Los Angeles Housing Department. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 36 and, on that basis, deny the remaining allegations in Paragraph 36.

37.    Defendants admit that Lowelon Nara at Howard Management sent

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

Sarah Salem an email with an application link on February 19, 2025. Defendants admit that Lowelon Nara is Vice President and Integrator at Howard Management and a licensed real estate agent. Defendants admit that Janely Leal at Howard Management sent Sarah Salem an email on February 20, 2025, but deny Plaintiffs' characterization of the document and any allegations inconsistent with the document. Defendants admit that an application was submitted for Naif Massoud on February 21, 2025. Defendants deny the remaining allegations in Paragraph 37.

38. Defendants deny Plaintiffs' characterization of the application contained in Paragraph 38 and any allegations inconsistent with the document.

39. Defendants deny Plaintiffs' characterization of the application contained in the first two sentences and the last clause of the last sentence of Paragraph 39 and any allegations inconsistent with the document. Defendants admit that Naif Massoud provided a purported German passport and purported pay stubs for Sarah Salem. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 39 and, on that basis, deny the remaining allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants admit that Janely Leal sent an email to Michael Kraut on February 24, 2025 and that Michael Kraut sent Janely Leal an email on February 24, 2025, but Defendants deny Plaintiffs' characterization of those documents and any allegations inconsistent with those documents.

42. Defendants admit that Michael Kraut sent Janely Leal an email on February 24, 2025, but Defendants deny Plaintiffs' characterization of that document and any allegations inconsistent with that document.

43. Defendants admit that Michael Kraut and Sarah Salem spoke by telephone on February 25, 2025 after Naif Massoud submitted an application. Defendants deny that Mr. Kraut made the statements attributed to him in Paragraph 43. Defendants admit that Michael Kraut inquired regarding Naif Massoud's

creditworthiness. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants admit that Naif Massoud's application was considered and declined. Defendants admit that Howard Management Operations Manager Janely Leal sent a letter to Sarah Salem on March 3, 2025, but deny Plaintiffs' characterization of the letter referenced in Paragraph 47 and any allegations inconsistent with the document. Defendants deny the remaining allegations in Paragraph 47.

48. Defendants lack sufficient information to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 48 and, on that basis, deny the allegations in the first and third sentences of Paragraph 48. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants admit that Howard Management received two letters from the Los Angeles Housing Department dated March 5, 2025, but deny Plaintiffs' characterization of the letters referenced in Paragraph 49 and deny any allegations inconsistent with the documents.

50. Defendants deny that Plaintiffs experienced any discrimination by Defendants. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 50 and, on that basis, deny them. Defendants admit that Michael Kraut spoke with Michael Zar by telephone on March 7, 2025 and that Mr. Zar requested that Mr. Kraut approve Naif Massoud as a tenant at the Property. Defendants deny that Mr. Kraut made the statements attributed to him in Paragraph 50. Defendants admit that Mr. Kraut inquired regarding Naif Massoud's creditworthiness. Defendants deny the remaining allegations in Paragraph 50.

51. Defendants admit that Michael Kraut raised concerns regarding

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

deficiencies and weaknesses in Naif Massoud's application during his phone call with Michael Zar, including, but not limited to, concerns regarding Mr. Massoud's filing false and misleading information on the rental application, refusal to answer nearly all required questions on the application or prove his relationship with Sarah Salem, and failure to provide verifiable identification, employment history, current income salary, and credit. Defendants deny the remaining allegations in the first sentence of Paragraph 51. Defendants deny Plaintiffs' characterization of the application referenced in the second sentence of Paragraph 51 and any allegations inconsistent with the document. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants admit that Michael Kraut received an email from Michael Zar dated March 18, 2025, but deny Plaintiffs' characterization of the email referenced in Paragraph 52 and any allegations inconsistent with the document. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants admit that Michael Kraut sent two emails to Michael Zar dated March 18, 2025, but deny Plaintiffs' characterization of those emails referenced in Paragraph 53 and any allegations inconsistent with the documents. Defendants deny the remaining allegations in Paragraph 53.

54. Defendants admit that Michael Kraut emailed Naif Massoud on March 14, 2025 and attached to that email a document titled "Notice of Trespass," but deny Plaintiffs' characterization of the email and its attachment and any allegations inconsistent with the documents. Defendants deny that Kraut indicated the "Notice of Trespass" was "from the LAPD." Defendants admit that the "Notice of Trespass" is a publicly available document located on the internet. Defendants deny the remaining allegations in Paragraph 54.

55. Defendants admit that a "Notice of Trespass" and a Three-Day Notice to Perform or Quit signed by Janely Leal were placed on Sarah Salem's door on March 14, 2025, but deny Plaintiffs' characterization of those documents and any

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

allegations inconsistent with those documents. Defendants deny the remaining allegations in Paragraph 55.

56. Defendants lack sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 56. Defendants deny the remaining allegations in Paragraph 56.

57. Defendants admit that Naif Massoud emailed Michael Kraut and several employees at Howard Management, including Daniel Sloan, Lowelon Nara, and Janely Leal on March 18, 19, and 20, 2025, but deny Plaintiffs' characterization of those documents and any allegations inconsistent with those documents. Defendants admit that Michael Kraut responded by email to Mr. Massoud on March 20, 2025, but Defendants deny Plaintiffs' characterization of that document and any allegations inconsistent with that document.

58. Defendants admit that Rodney Leggett sent Michael Kraut an email dated April 10, 2025, but Defendants deny Plaintiffs' characterization of that document and any allegations inconsistent with that document. Defendants admit that Michael Kraut sent an email in response to Rodney Leggett's April 10, 2025 email to Michael Kraut, but Defendants deny Plaintiffs' characterization of that document and any allegations inconsistent with that document. Defendants admit that Rodney Leggett responded to an email from Michael Kraut with an email attaching a redacted marriage certificate. Defendants deny the remaining allegations in Paragraph 58.

59. Defendants admit that Michael Kraut sent Rodney Leggett an email on April 14, 2025, but deny Plaintiffs' characterization of that document and any allegations inconsistent with that document. Defendants admit that an employee at Howard Management sent an email to Sarah Salem on April 14, 2025 with the subject "Guest Policy Update – Backdated 4/9/25" and attached a document titled "Guest Policy Update," but deny Plaintiffs' characterization of those documents and any allegations inconsistent with those documents. Defendants deny the remaining

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

allegations in Paragraph 59.

60.    Defendants admit that Rodney Leggett sent an email to two Howard Management employees on July 3, 2025 attaching a letter to Howard Management, but Defendants deny Plaintiffs' characterization of those documents and any allegations inconsistent with those documents.

61.    Defendants admit that Michael Kraut sent an email to Rodney Leggett on July 13, 2025, but Defendants deny Plaintiffs' characterization of that document and any allegations inconsistent with that document.

62.    Defendants admit that Michael Kraut sent an email to Rodney Leggett on July 25, 2025, but Defendants deny Plaintiffs' characterization of that document and any allegations inconsistent with that document.

63.    Defendants admit that Michael Kraut sent an email to Rodney Leggett on July 30, 2025, but Defendants deny Plaintiffs' characterization of that document and any allegations inconsistent with that document.

64.    Defendants deny that they have engaged in a "campaign of harassment, discrimination, and family separation[.]" Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 64 and, on that basis, deny the remaining allegations in Paragraph 64.

65.    Defendants lack sufficient information to form a belief as to the allegations in Paragraph 65 and, on that basis, deny the allegations.

66.    Defendants admit that Howard Management received an email in June 2025 inquiring regarding a two-bedroom vacancy at a different property, *i.e.*, not the Property, managed by Howard Management and owned by KM Cadet, LLC, but deny that an application was ever provided to the person inquiring. Defendants lack sufficient information to form a belief as to the truth of the allegation in Paragraph 66 that a Housing Rights Center employee posing as a prospective tenant sent the referenced email and, on that basis, deny that allegation. The remainder of Paragraph 66 contains legal conclusions and/or argument to which no response is

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 66.

67.    Defendants admit the existence of the email referenced in Paragraph 66, but deny Plaintiffs' characterization of the email referenced in Paragraph 66 and any allegations inconsistent with the document.  Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 67, and, on that basis, deny the remaining allegations in Paragraph 67.

68.    Defendants admit that an employee of Howard Management responded to the email referenced in Paragraphs 66 and 67, but deny Plaintiffs' characterization of the email referenced in Paragraph 68 and any allegations inconsistent with the document.

### IV.    INJURIES

69.    Defendants deny the allegations in Paragraph 69.

70.    Defendants admit that the Second Amended Complaint contains a request for punitive damages.  The remaining allegations in Paragraph 70 contain legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 70.

71.    Paragraph 71 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 71.

72.    Paragraph 72 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 72.

### CAUSES OF ACTION

### First Claim: Federal Fair Housing Act

### (All Plaintiffs v. All Defendants)

73.    Defendants incorporate their responses to Paragraph 1 through 72 as though fully set forth herein.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX (310) 552-8400

791901.1

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

74. Paragraph 74 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75. Paragraph 75 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76. Paragraph 76 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77. Paragraph 77 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

## Second Claim: California Fair Employment and Housing Act

### (All Plaintiffs v. All Defendants)

78. Defendants incorporate their responses to Paragraph 1 through 77 as though fully set forth herein.

79. Paragraph 79 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79.

80. Paragraph 80 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81. Paragraph 81 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82. Paragraph 82 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

791901.1

15

83. Paragraph 83 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84. Paragraph 84 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85. Paragraph 85 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

### Third Claim: Unruh Act

### (All Plaintiffs v. All Defendants)

86. Defendants incorporate their responses to Paragraph 1 through 85 as though fully set forth herein.

87. Paragraph 87 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88. Paragraph 88 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89. Paragraph 89 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89.

90. Paragraph 90 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91. Paragraph 91 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

791901.1

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

92.    Paragraph 92 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 92.

## Fourth Claim: California Unfair Competition Law

### (All Plaintiffs v. All Defendants)

93.    Defendants incorporate their responses to Paragraph 1 through 92 as though fully set forth herein.

94.    Paragraph 94 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95.    Paragraph 95 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 95.

96.    Paragraph 96 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 96.

97.    Paragraph 97 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 97.

98.    Paragraph 98 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 98.

## Fifth Claim: Los Angeles Tenant Anti-Harassment Ordinance

### (All Plaintiffs v. All Defendants)

99.    Defendants incorporate their responses to Paragraph 1 through 98 as though fully set forth herein.

100.    Paragraph 100 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the

791901.1

17

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

allegations in Paragraph 100.

101.   Paragraph 101 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102.   Paragraph 102 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 102.

**Sixth Claim: Breach of Covenant of Quiet Enjoyment**

**(Plaintiff Salem v. All Defendants)**

103.   Defendants incorporate their responses to Paragraph 1 through 102 as though fully set forth herein.

104.   Paragraph 104 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 104.

**Seventh Claim: Immigration Status Discrimination**

**(All Plaintiffs v. All Defendants)**

105.   Defendants incorporate their responses to Paragraph 1 through 104 as though fully set forth herein.

106.   Paragraph 106 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 106.

107.   Paragraph 107 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 107.

**Eighth Claim: Negligence**

**(All Plaintiffs v. All Defendants)**

108.   Defendants incorporate their responses to Paragraph 1 through 107 as though fully set forth herein.

791901.1

18

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

109.   Paragraph 109 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 109.

110.   Paragraph 110 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 110.

### Ninth Claim: Section 1981 of the Civil Rights Act of 1866

### (Plaintiff Massoud v. All Defendants)

111.   Defendants incorporate their responses to Paragraph 1 through 110 as though fully set forth herein.

112.   Paragraph 112 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 112.

113.   Defendants lack sufficient information to form a belief as to the truth of the allegation in Paragraph 113 and, on that basis, deny the allegation.

114.   Paragraph 114 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 114.

115.   Paragraph 115 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 115.

116.   Paragraph 116 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 116.

### V.    AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses to the purported causes of action contained in Plaintiffs' Second Amended Complaint.

791901.1

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**FIRST AFFIRMATIVE DEFENSE**

**(*Failure to State a Claim*)**

The Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(*No Discrimination*)**

All actions taken by Defendants with respect to Plaintiffs were, at all relevant times, taken for legitimate, non-discriminatory and non-retaliatory reasons in good faith without any intent to discriminate or retaliate against Plaintiffs in any manner prohibited by law or public policy.

**THIRD AFFIRMATIVE DEFENSE**

**(*Statute of Limitations*)**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitation.

**FOURTH AFFIRMATIVE DEFENSE**

**(*No Causation*)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were not caused by Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

**(*Failure to Mitigate Damages*)**

Plaintiffs failed to take reasonable steps to mitigate their alleged damages, if any, and any recoverable damages must be reduced accordingly.

**SIXTH AFFIRMATIVE DEFENSE**

**(*Mootness*)**

Plaintiffs' claims are barred, in whole or in part, because some or all of the allegations or claims in the Second Amended Complaint are moot.

791901.1

20

## SEVENTH AFFIRMATIVE DEFENSE

### (*No Damages*)

Without admitting that the Second Amended Complaint states a claim, there have been no damages in any amount, manner, or at all by reason of any act alleged against Defendants in the Second Amended Complaint, and the relief prayed for in the Second Amended Complaint therefore cannot be granted.

## EIGHTH AFFIRMATIVE DEFENSE

### (*Absence of Malice*)

Any acts or omissions by Defendants, if any, were not the result of oppression, fraud, or malice.

## NINTH AFFIRMATIVE DEFENSE

### (*Unclean Hands*)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (*Laches*)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*Estoppel*)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (*Conduct Not Wrongful*)

Plaintiffs' claims are barred, in whole or in part, because Defendants' conduct was not wrong or otherwise unlawful.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*Standing*)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

791901.1

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

## **FOURTEENTH AFFIRMATIVE DEFENSE**

### (*Waiver*)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## **RESERVATION OF ADDITIONAL DEFENSES**

Defendants reserve their right to add, delete, or modify any and all defenses which may pertain to the Second Amended Complaint that are now or may become available in this action through clarification or further amendment of the Second Amended Complaint, through discovery, through further legal analysis of Plaintiffs' or Defendants' claims and positions in this litigation, or otherwise.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED
COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

# COUNTERCLAIM

Counter-Plaintiff Michael Kraut ("Mr. Kraut") alleges as follows for this Counterclaim against Counter-Defendant Sarah Salem ("Ms. Salem").

1.      On March 9, 2025, Counter-Defendant Ms. Salem—angry that her landlord had discovered an unauthorized occupant she had been hiding in her apartment for years, that her landlord had rejected a false and incomplete application for that unauthorized occupant, that the unauthorized occupant had been lawfully trespassed from the property, and that her landlord had proposed raising her rent in connection with Ms. Salem's desired major upgrade to her unit—exchanged text messages with her friend Courtney Bloom about how to retaliate.

2.      Ms. Salem's first idea was to call social services and falsely accuse her landlord, Counter-Plaintiff Mr. Kraut, and his husband of molesting their children. She had never met these children before and had no reason to believe that any abuse had occurred. She simply wanted to destroy Mr. Kraut, and she contemplated weaponizing innocent children and the child protective system to do it.

3.      Mr. Bloom had another idea. He offered to "go on the dark web and wreck [Mr. Kraut's] credit." Ms. Salem responded enthusiastically: "Sweeeeet." When Mr. Bloom appeared to hesitate, Ms. Salem provided Mr. Kraut's full name. Mr. Bloom wrote that it was "an option," and Ms. Salem responded with an unequivocal directive: "Do it."

4.      Mr. Bloom was not some random acquaintance. Ms. Salem has known Mr. Bloom for one decade. Mr. Bloom holds himself out as the CEO of an artificial intelligence company. Ms. Salem testified that Mr. Bloom "claims to have experience with the dark web." Ms. Salem knew exactly what she was directing Mr. Bloom to do. She admitted at her deposition that using the dark web to wreck someone's credit can violate the law and that soliciting identity theft is a federal crime. She directed Mr. Bloom to proceed anyways. She never told him to stop. And she never followed up to see if he had acted. She expressed no regret.

5. Following Ms. Salem's directive, Mr. Kraut experienced an unprecedented wave of fraudulent attempts to open credit cards and loans in his name, including one card to be sent to an address in West Hollywood, where Ms. Salem works. Mr. Kraut had never experienced identity-based fraud before in his entire life.

6. Ms. Salem admitted under oath that she believes Mr. Kraut is "evil," a "son of Satan," and a "total piece of shit." She admitted she wanted to "destroy" him and make him "suffer" because she believes in "an eye for an eye." She admitted she believed Mr. Kraut was a "cheap ass rich mf." She told multiple people that she hopes to utilize this vindictive lawsuit to force Mr. Kraut to buy her a house. This counterclaim seeks to hold her accountable for her actions.

## THE PARTIES

7. Counter-Plaintiff Michael Kraut is, and at all relevant times was, an individual residing in Los Angeles County, California.

8. Counter-Defendant Sarah Salem is, and at all relevant times was, an individual residing in Los Angeles County, California.

## JURISDICTION AND VENUE

9. This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367 because the claims asserted by Mr. Kraut arise out of the same case or controversy as the claims in Plaintiffs' Second Amended Complaint and share a common nucleus of operative fact with those claims.

10. This Court has personal jurisdiction over Counter-Defendant Ms. Salem by virtue of Plaintiffs' filing of this action in this District and by virtue of the fact that Counter-Defendant resides in Los Angeles, California.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the Counterclaim occurred in this District, the parties reside in this District, and the above-captioned case is pending before this Court.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX (310) 552-8400

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

# FACTUAL ALLEGATIONS

## A.    Ms. Salem Breaches Lease by Concealing Unauthorized Occupant

12.    Mr. Kraut has been Ms. Salem's landlord at 1492 Silverlake Blvd., Unit 4 since 2013.

13.    On or around November 19, 2024, Ms. Salem reported to Howard Management, the property's management company, "a bunch of cracks related to roof leaks" in her ceiling and walls.  She also reported "visible peeling and water damages."  Ms. Salem attached pictures of the alleged issues to her email.

14.    Ms. Salem's unit had previously had water intrusion issues in the past during times of heavy rainfall due to roof leaks and blockages.  Mr. Kraut, as an owner of the building, was aware of those prior issues, and took Ms. Salem's reporting seriously.  On one occasion years prior, Ms. Salem had to vacate the property for nearly three weeks so that damage related to water intrusion issues could be remedied.  When that incident arose, Ms. Salem called Mr. Kraut at approximately 6:30 a.m. regarding the water intrusion, and Mr. Kraut had been at the property by approximately 7:00 a.m. to personally help address the issue.

15.    When Mr. Kraut became aware of Ms. Salem's report of cracks, peeling, and water damage in November 2024, he sought to ensure that Ms. Salem did not experience any water intrusion issues as she had in the past.  He also desired to ensure that his property did not sustain any damage from future rainfall.  To that end, Mr. Kraut visited the property twice in December 2024 and knocked on the doors of Ms. Salem's unit and her upstairs neighbor's unit, both of which are susceptible to roof leaks from rainfall given their specific locations.  Neither unit opened the door on either of those two prior visits.

16.    Mr. Kraut then visited the property again on January 16, 2025, and knocked on the neighboring unit's door and Ms. Salem's unit's door.  Ms. Salem answered the door and consented to Mr. Kraut inspecting her unit.  Mr. Kraut discovered Plaintiff Naif Massoud in the unit during Mr. Kraut's visit.  Mr. Massoud

791901.1

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

was an unauthorized occupant of the unit whom Ms. Salem had kept hidden from Mr. Kraut for years in violation of Ms. Salem's lease agreement. Paragraph 5 of the lease agreement provides that "[t]he Premises shall not be occupied . . . by any person other than the Named Renter set out in Section K without the advance written consent of the Owner . . . ." Mr. Massoud has never been a "Named Renter" and Ms. Salem never sought advance written consent of the owner prior to Mr. Massoud occupying her unit.

17. Mr. Massoud was nonetheless permitted to submit an application to become a tenant despite being complicit in Ms. Salem's knowing breach of the lease. On or around February 20, 2025, Mr. Massoud submitted an application containing incomplete and false information. Mr. Massoud had acknowledged in signing the Applicant Authorization that "If you fail to answer any question or give false information, the property may reject your application . . . and terminate your right of occupancy." Mr. Massoud's application was ultimately denied.

18. Mr. Kraut had a phone call with Ms. Salem on February 25, 2025. On that call, Ms. Salem represented to Mr. Kraut that Mr. Massoud was only a guest, and that she was using the property for green card purposes. She also asked Mr. Kraut about upgrading her unit. Mr. Kraut indicated that he would upgrade her unit as requested if Ms. Salem agreed to a rent increase that would still keep her rent at well below the market rate.

19. After that call, Ms. Salem immediately texted her friend Courtney Bloom claiming that Mr. Kraut "wants to illegally raise the rent." Ms. Salem failed to disclose that the discussion of a rent increase was tied to a proposed major upgrade to Ms. Salem's unit, not to the discovery of Mr. Massoud or to allowing Mr. Massoud to become a tenant on the lease.

20. On March 3, 2025, Howard Management sent Ms. Salem a letter indicating Mr. Massoud needed to immediately vacate the unit.

**B.    Ms. Salem Harbors Extreme Animus Towards Mr. Kraut**

21. Ms. Salem harbors intense animosity towards Mr. Kraut. At her deposition on January 30, 2026, Ms. Salem testified under oath that she believes Mr. Kraut is "evil," that she has called him a "dirty MFer," "unethical," a "slumlord," a "son of Satan," and a "total piece of shit."

22. Ms. Salem testified that she wanted to see Mr. Kraut "punished" and that "if he suffers I feel like it's an eye for an eye."

23. In text messages with third parties, Ms. Salem stated, " I can't wait to destroy this man." When asked at her deposition whether "this man" referred to Mr. Kraut, Ms. Salem confirmed, "That's correct." When asked if she wanted to destroy Mr. Kraut at this point, Ms. Salem testified, "Yes."

24. Ms. Salem testified that on March 9, 2025, she was very angry at Mr. Kraut, that she was frustrated with him, that she felt vengeful toward Mr. Kraut, and that she wanted to hurt Mr. Kraut in some way.

25. When asked whether destroying Mr. Kraut's credit would be a way of getting revenge on him, Ms. Salem testified, "Possibly."

26. Ms. Salem views Mr. Kraut as both wealthy and miserly. She has referred to him as a "cheap ass rich mf" and stated that "[h]e's got the funds" for Ms. Salem's "new down payment on a house."

27. Ms. Salem's lawsuit is motivated not by legitimate grievances, but rather by a desire to extract money from a man she believes can afford to pay and to punish him for holding her accountable for her lease violations, for his part in rejecting Mr. Massoud's false and incomplete belated rental application, and for refusing to upgrade Ms. Salem's unit without increasing her rent.

### C. *Ms. Salem Contemplates Falsely Accusing Mr. Kraut and His Husband of Molesting Their Children*

28. On March 9, 2025, less than one week after Howard Management sent the letter to Ms. Salem indicating Mr. Massoud needed to vacate her unit, Ms. Salem exchanged additional text messages with her friend, Mr. Bloom. A copy of these

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

text messages is attached as **Exhibit A** to the Counterclaim.

29. After further discussing her dispute with Mr. Kraut, Ms. Salem stated to Mr. Bloom that she should "retaliate by [calling social] services accusing [Mr. Kraut] of molesting his serogate [sic] sons with his husband."

30. Ms. Salem testified at her deposition that she had no reason to believe that Mr. Kraut, who is gay, or his husband had molested their children. Ms. Salem also admitted that she had never even met with or spoken to Mr. Kraut's minor children.

31. Ms. Salem testified she was aware that falsely accusing someone of child molestation can "destroy that person's reputation," can "destroy someone's career," and can "result in a child being removed from the parent's care." Ms. Salem also testified that she is aware making a false report of child molestation to social services is a crime.

32. Ms. Salem admitted that she contemplated making a false accusation of child molestation against Mr. Kraut as a form of retaliation.

33. The fact that Ms. Salem would even contemplate such a depraved act—falsely accusing a father and his husband of molesting their own children, knowing it could result in those children being removed from their home—reveals the depths of her malice and her willingness to harm innocent people, including children, to exact revenge on her landlord, Mr. Kraut.

### D. Ms. Salem Directs Her Friend Mr. Bloom to Wreck Mr. Kraut's Credit on the Dark Web

34. In response to Ms. Salem's contemplation of falsely accusing Mr. Kraut of child molestation, Courtney Bloom wrote, "what's your [landlord] name. i'm gonna go on the dark web and wreck his credit."

35. Ms. Salem enthusiastically responded: "Sweeeeet."

36. After Mr. Bloom indicated some apparent hesitation by stating "lmao i'm not", Ms. Salem provided Mr. Bloom with Mr. Kraut's name in response to Mr.

791901.1

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

Bloom's initial inquiry: "Michael kraut."

37.    Mr. Bloom then wrote "But it's an option….." and Ms. Salem responded unequivocally: "Do it."

38.    Mr. Bloom appeared to have immediately looked up Mr. Kraut on the internet, as he then stated, "oh shit, he's a criminal defense attorney," to which Ms. Salem responded, "Yes Total piece of shit."

39.    Ms. Salem was questioned about these text messages with Mr. Bloom at her deposition on January 30, 2026.  In that deposition, she authenticated the text messages with Mr. Bloom, confirming that the messages accurately reflected her communications with Mr. Bloom.

40.    Ms. Salem testified that Mr. Bloom "claims to have experience with the dark web."  Mr. Bloom represents himself as the CEO of an artificial intelligence company.

41.    Ms. Salem admitted she liked Mr. Bloom's statement about going on the dark web to wreck Mr. Kraut's credit, and that her use of the word "sweet" indicated that she generally liked what Mr. Bloom had proposed.

42.    Ms. Salem admitted that she never told Mr. Bloom not to proceed with the plan to wreck Mr. Kraut's credit on the dark web.  Ms. Salem also expressed no regret with respect to telling Mr. Bloom to wreck Mr. Kraut's credit on the dark web.

43.    Ms. Salem testified she is aware that using the dark web to damage someone's credit can violate the law and that it is a federal crime to solicit someone to commit identity theft and to solicit someone to commit aggravated identity theft.

44.    Despite this knowledge, Ms. Salem directed Mr. Bloom to "Do it."

### E.    The Resulting Harm to Mr. Kraut

45.    Following the March 9, 2025 text exchange between Ms. Salem and Mr. Bloom, Mr. Kraut has recently experienced a pattern of fraudulent attempts to obtain loans and credit cards in his name.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX (310) 552-8400

46.    Mr. Kraut was able to learn from a bank's fraud unit that a fraudulent card was to be sent to an address in West Hollywood.  Ms. Salem admitted at her deposition that her place of employment is in West Hollywood.

47.    These fraudulent attempts were unprecedented in Mr. Kraut's life experience.  To the best of Mr. Kraut's recollection, he had never experienced identity-based financial fraud directed at him prior to Ms. Salem's directive to Mr. Bloom to wreck Mr. Kraut's credit on the dark web.

48.    The temporal proximity between Ms. Salem's directive to Mr. Bloom on March 9, 2025, and the commencement of fraudulent activity targeting Mr. Kraut, combined with Ms. Salem's documented animosity towards Mr. Kraut and her admitted desire to destroy him, supports the inference that the scheme to wreck Mr. Kraut's credit was executed as Ms. Salem had directed.

49.    Prior to March 2025, Mr. Kraut had established and maintained good credit, which provided him with the ability to obtain loans, credit cards, and other financial products on favorable terms.

50.    The fraudulent credit applications submitted in Mr. Kraut's name have damaged his credit profile.  Each fraudulent application generates inquiries on Mr. Kraut's credit report, potentially lowering his credit score and signaling to legitimate creditors that he may be overextended or engaged in suspicious borrowing behavior.

51.    Mr. Kraut has been forced to spend substantial time and effort to monitor his credit reports, responding to fraud alerts and taking protective measures to prevent further identity theft.

52.    Mr. Kraut has suffered severe emotional distress as a result of Ms. Salem's outrageous and extreme conduct.  Upon learning that his credit had been targeted for destruction through criminal means, that fraudulent applications had been submitted in his name, and that his personal information may have been distributed through criminal networks, Mr. Kraut experienced, among other things, significant anxiety and distress, difficulty concentrating, persistent fear for the

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

security of his financial identity, and feelings of violation. He has been forced to spend considerable time and mental energy monitoring his credit, responding to fraud alerts, and taking protective measures against further identity theft. Mr. Kraut also has persistent feelings of anxiety that his personal information is potentially circulating in criminal networks where it can be exploited at any time. The ongoing uncertainty about whether and when additional fraudulent activity may occur has caused Mr. Kraut continuing emotional distress.

## FIRST CAUSE OF ACTION

### *(Intentional Infliction of Emotional Distress)*

53.    Mr. Kraut hereby repeats, realleges, and incorporates by reference each and every allegation as fully set forth in this Counterclaim, and further alleges as follows.

54.    Ms. Salem's conduct—enthusiastically approving and directing a scheme to wreck Mr. Kraut's credit through criminal activity on the dark web while simultaneously contemplating false accusations of child molestation against Mr. Kraut and his husband—constitutes extreme and outrageous conduct exceeding all bounds of decency tolerated by civilized society.

55.    The intentional targeting of an individual's credit and financial identity for destruction through criminal means represents conduct so egregious that no reasonable person could be expected to endure it without suffering emotional harm. The simultaneous contemplation of false child molestation accusations—which Ms. Salem acknowledged could destroy a person's reputation and career and result in removal of children from parents—compounds the outrageousness of Ms. Salem's conduct.

56.    Ms. Salem acted with the intent to cause emotional distress or with reckless disregard that her conduct would cause such distress. Ms. Salem admitted she wanted to "hurt" Mr. Kraut, wanted to "destroy" him, and wanted revenge against him. Ms. Salem knew that wrecking someone's credit through the dark web

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

791901.1

31

could violate the law. Ms. Salem knew that falsely accusing someone of child molestation could destroy their reputation and career.

57. Ms. Salem's failure to withdraw her directive to Mr. Bloom, and her failure to follow up with Mr. Bloom after directing the scheme, demonstrates at minimum reckless disregard for the consequences of her actions.

58. Mr. Kraut suffered severe emotional distress as a result of Ms. Salem's extreme and outrageous conduct.

59. As a direct and proximate result of the acts and omissions of Ms. Salem as alleged herein, Mr. Kraut has suffered damages in an amount to be proven at trial.

**PRAYER FOR PUNITIVE DAMAGES**

60. Mr. Kraut hereby repeats, realleges, and incorporates by reference each and every allegation as fully set forth in this Counterclaim, and further alleges as follows.

61. Ms. Salem's conduct warrants an award of punitive damages under California Civil Code Section 3294. Punitive damages are appropriate where a defendant has been guilty of oppression, fraud, or malice.

62. Ms. Salem acted with malice. She harbored genuine hatred for Mr. Kraut, calling him "evil," a "dirty MFer," a "son of Satan," and a "total piece of shit." She admitted to wanting to "destroy" him. She admitted to wanting him to "suffer." She believes in an "eye for an eye."

63. She enthusiastically approved and directed a scheme to wreck his credit through criminal activity on the dark web. She simultaneously contemplated falsely accusing him and his husband of molesting their own children—an accusation so vile that the fact she would even consider it demonstrates a depraved indifference to the harm she could cause to Mr. Kraut, his husband, and their innocent children.

64. She never expressed regret for directing the credit destruction scheme.

65. Ms. Salem's conduct was not impulsive or momentary, but reflected a sustained campaign of vindictive action targeting Mr. Kraut and his financial well-

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

791901.1

32

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

being.

66.    An award of punitive damages is necessary to punish Ms. Salem's conduct, to deter Ms. Salem from future similar conduct, and to deter others from deliberately orchestrating criminal schemes to destroy another person.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Kraut and KM Silverlake, LLC respectfully request that the Court award the following relief:

1.    That Plaintiffs take nothing by their Second Amended Complaint on file herein;

2.    That judgment be entered in favor of Mr. Kraut and KM Silverlake, LLC and against Plaintiffs on all causes of action in Plaintiffs' Second Amended Complaint;

3.    That judgment be entered in favor of Mr. Kraut and against Counter-Defendant on the Counterclaim;

4.    For an order permanently enjoining Counter-Defendant from (i) taking any further action to harm Counter-Plaintiff's credit, (ii) directing, soliciting, or encouraging any third party to harm Counter-Plaintiff's credit or financial reputation, or (iii) contacting Courtney Bloom or any other person for the purpose of harming Counter-Plaintiff;

5.    For an award of compensatory damages in Mr. Kraut's favor in an amount to be proven at trial;

6.    For an award of special damages in Mr. Kraut's favor in an amount to be proven at trial;

7.    For punitive and exemplary damages imposed against Counter-Defendant in an amount sufficient to punish Counter-Defendant;

8.    For reasonable attorneys' fees and the costs of suit incurred herein in Mr. Kraut's and KM Silverlake, LLC's favor where authorized by law; and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

791901.1

33

DEFENDANTS MICHAEL KRAUT AND KM SILVERLAKE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND MICHAEL KRAUT'S COUNTERCLAIM TO SECOND AMENDED COMPLAINT

9.      For such other and further relief in Mr. Kraut's and KM Silverlake, LLC's favor as the Court may deem appropriate.

## JURY DEMAND

Mr. Kraut and KM Silverlake, LLC hereby demand a trial by jury of all issues so triable.

DATED:  March 23, 2026          MILLER BARONDESS, LLP


By:     /s/ Michael A. Hale
_____
          LOUIS R. MILLER
          MICHAEL A. HALE
          Attorneys for Defendants
          MICHAEL KRAUT and KM
          SILVERLAKE, LLC

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

791901.1

34