Frances M. O'Meara (State Bar No. 140600)
fomeara@wshblaw.com
Stephen M. Caine (State Bar No. 119590)
scaine@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
401 Wilshire Blvd, Suite 1070
Santa Monica, California 90401
Phone: 310.481.7600 ♦ Fax: 310.481.7650

Attorneys for Defendant HOWARD
MANAGEMENT GROUP, INC., a
California Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SARAH SALEM, an individual; NAIF MASSOUD, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL KRAUT, an individual; KM SILVERLAKE, LLC, a California Limited Liability Company; and HOWARD MANAGEMENT, a California Corporation,<br><br>Defendants. | Case No. 8:25-cv-01544-FWS-ADS<br><br>**ANSWER OF DEFENDANT HOWARD MANAGEMENT GROUP, INC., TO SECOND AMENDED COMPLAINT**<br><br>**REQUEST FOR JURY TRIAL**<br><br>Before: Hon. Fred W. Slaughter, Judge; Hon. Autumn D. Spaeth, Magistrate Judge |

Defendant Howard Management Group, Inc. ("Defendant") hereby responds to the Second Amended Complaint for Injunctive, Declaratory, and Monetary Relief ("Second Amended Complaint") filed by Plaintiffs Sarah Salem and Naif Massoud (together, "Plaintiffs") as follows:

1. Defendant admits that Plaintiffs filed an action against Defendant for injunctive relief, compensatory and punitive damages, and attorneys' fees and costs for purported tenant harassment and discrimination on the basis of national origin, immigration status, and sex in violation of the federal Fair Housing Act, the California Fair Employment and Housing Act, the Unruh Act, the California

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

Unfair Competition Law, the Los Angeles Tenant Anti-Harassment Ordinance, and other state and local laws. Defendants deny Plaintiffs are entitled to any relief on their claims and deny all remaining allegations in Paragraph 1.

## I.    JURISDICTION AND VENUE

2.    Paragraph 2 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3.    Paragraph 3 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

## II.    THE PARTIES

### A.    Plaintiffs

4.    Defendant admits that the property located at 1492 Silver Lake Blvd., Los Angeles, CA 90026 (the "Property") is a 4-unit building located in the Silver Lake neighborhood of Los Angeles.  Defendant also admits that Plaintiff Sarah Salem has been a tenant at the Property since at least September 6, 2013. The second sentence of Paragraph 4 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in the second sentence of Paragraph 4.  Defendant admits that KM Silverlake, LLC owns the Property and that Defendant is the property manager for the Property under the terms of a separate property management contract.  Defendant denies the remaining allegations in Paragraph 4.

5.    Defendant admits that Plaintiff Naif Massoud submitted an application to be a tenant at the Property.  Defendant lacks information sufficient to form a belief as to the truth of the allegation in Paragraph 5 regarding Plaintiff Naif Massoud's residency, at all or at any given time;  on that basis, Defendant denies the allegation.  Upon information and belief Defendant admits that Plaintiff Naif Massoud is currently Plaintiff Sarah Salem's husband. The third sentence of

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

Paragraph 5 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in the third sentence of Paragraph 5. Defendants deny the remaining allegations in Paragraph 5.

## B.    Defendants

6.      Defendant admits that Michael Kraut is a manager/member of KM Silverlake, LLC, and that Michael Kraut has conducted inspections, communicated with tenants, and participated in approval decisions regarding prospective tenants. The portion of the first sentence of Paragraph 6 alleging that Michael Kraut "has decision-making authority" and the second sentence of Paragraph 6 contain legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in the second sentence of Paragraph 6. Defendant admits that Michael Kraut is a licensed attorney in California. Defendant denies the remaining allegations in paragraph 6.

7.      Defendant admits that KM Silverlake, LLC owns the Property. The second sentence of Paragraph 7 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegation in the second sentence of Paragraph 7.

8.      Defendant admits that it manages the Property on behalf of KM Silverlake, LLC, pursuant to the terms of a written property management agreement. Defendant admits that it has communicated with tenants and prospective tenants and processed and participated in the approval process with respect to rental applications. Defendants admit that it oversees day-to-day management of the Property. Defendant denies all remaining allegations in Paragraph 8.

9.      Defendant admits that the Property is subject to the Los Angeles Rent Stabilization Ordinance. The second sentence of Paragraph 9 contains legal conclusions and/or argument to which no response is required. To the extent a

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

response is required, Defendants deny the allegations in the second sentence of Paragraph 9.

10. Paragraph 10 contains legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

### III. <u>FACTUAL ALLEGATIONS</u>

11. Defendant admits that Sarah Salem is a tenant at the Property in a two-bedroom apartment. Defendant admits that, as of the date of the First Amended Complaint, Sarah Salem's monthly rent was $2,411.96, plus an additional $100 for two cats to be on the lease. Defendant lacks sufficient information to form a belief as to the truth of the allegations regarding the remainder of the allegations in Paragraph 11 and, on that basis, deny the remaining allegations.

12. Defendant admits that the Property is subject to the Los Angeles Rent Stabilization Ordinance. The remainder of Paragraph 12 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, deny the allegations.

14. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny the allegations.

15. Defendant admits that the Property was sold in about July 2013 and that the Property was purchased by Manor Ranch, LLC and was subsequently transferred to KM Silverlake, LLC. The remainder of the third sentence of Paragraph 15 contains legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in the third sentence of Paragraph 15. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 15 and, on that basis, deny the remaining allegations in Paragraph 15.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

16.    Defendant denies the allegations in Paragraph 16.

17.    Defendant admits that, upon its information and belief, Michael Kraut engaged in discussions with Ms. Salem and her sister regarding their desire to add two cats to the lease. Defendant admits that, on or around September 4, 2013, Michael Kraut provided Ms. Salem and her sister with a lease agreement reflecting the addition of two cats to the lease. Defendant admits that Michael Kraut requested that Sarah Salem and her sister execute and return the lease by September 6, 2013. Defendant denies the remaining allegations in Paragraph 17.

18.    Defendant admits that Nora Salem and Sarah Salem signed a lease that included two cats, with its lease term beginning in November 2013. Defendant denies the remaining allegations in Paragraph 18.

19.    Defendant admits that Nora Salem sent a letter to Michael Kraut and Manor Ranch, LLC, in the fall of 2015, indicating an intent to vacate the Property on or before 30 days from the date of the letter. Defendant admits that Michael Kraut indicated to Nora Salem that there was an issue with her attempt to remove herself from the lease given liability issues in connection with damages caused to the Property by her cats and that the liability issue would need to be addressed before she could be removed from the lease. Defendant denies the remaining allegations in the second sentence of Paragraph 19. Defendant lacks sufficient information to form a belief as to the truth of the allegations in the third sentence of Paragraph 19 and, on that basis, denies the allegations in the third sentence of Paragraph 19.

20.    Defendant admits that Sarah Salem has been a tenant at the Property from September 6, 2013 to the present. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 20 and, on that basis, denies all remaining allegations in Paragraph 20.

21.    Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies the allegations.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

22. Defendant lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 22 and, on that basis, denies the allegations.

23. Defendant admits that Michael Kraut knocked on Sarah Salem's door on or around January 20, 2025 and asked for permission to inspect the apartment to identify potential leaks and cracks. Defendant lacks sufficient information to form a belief as to the truth of the allegations in the second sentence of Paragraph 23 and the allegations regarding the Palisades and Eaton fires and, on that basis, deny those allegations. Defendant denies the remaining allegations in Paragraph 23.

24. Defendant admits that Sarah Salem consented to Michael Kraut's inspection of the apartment, that Michael Kraut spoke with Sarah Salem during the inspection, that there was a child in the apartment, and that Michael Kraut and Sarah Salem engaged in friendly conversation regarding the child. Defendant lacks sufficient information to form a belief as Ms. Salem's motivation for consenting to the inspection and, on that basis, denies the allegation. Defendant denies the remaining allegations in Paragraph 24.

25. Defendant admits that Michael Kraut inspected multiple areas of the apartment to identify actual or potential water intrusion issues. Defendant denies the remaining allegations in Paragraph 25.

26. Defendant admits that Michael Kraut saw Naif Massoud in the apartment and examined multiple areas of the apartment while looking for actual or potential water intrusion issues, and that Sarah Salem (not Michael Kraut) turned on a light. Defendant lacks sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 26 and, on that basis, denies the allegations in the first sentence of Paragraph 26. Defendant lacks sufficient information to form a belief as to the truth of the allegations regarding what Naif Massoud was purportedly watching or regarding Ms. Salem's purported use of

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

blackout curtains and, on that basis, denies those allegations. Defendant denies the remaining allegations in Paragraph 26.

27. Defendant admits that Michael Kraut left Sarah Salem's apartment at some point after seeing Naif Massoud. Defendant denies the inference that Mr. Kraut ended the inspection because he saw Mr. Massoud.

28. Defendant admits it has not sent any plumbers or repair persons to Ms. Salem's apartment after January 20, 2025 to fix any suspected leaks or cracks (as alleged in this paragraphs 23-28). Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 28 and, on that basis, deny the remaining allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant admits that an attorney named Richard Jacobs sent an email to Sarah Salem on January 22, 2025, attaching a letter dated January 21, 2025, but Defendant denies Plaintiffs' characterization of those documents and any allegations inconsistent with those documents.

31. Defendant admits that Sarah Salem emailed Richard Jacobs and two employees of Defendant on January 23, 2025, but Defendant denies Plaintiffs' characterization of that email and any allegations inconsistent with the email. Defendant denies all remaining allegations in Paragraph 31.

32. Defendants admit that Sarah Salem's online portal was temporarily locked on or around February 1, 2025, pending investigation into a potential undisclosed and unauthorized occupant in the apartment. Defendant admits that its offices are closed on weekends. Defendant admits that Sarah Salem's lease agreement does not contain a grace period for late payments and provides for a $150 initial late fee. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in the second and third sentences of

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

Paragraph 32 and, on that basis, denies the remaining allegations in Paragraph 32.

33.    Defendant admits that Sarah Salem sent two emails to certain of its employees on February 1, 2025, but denies Plaintiffs' characterization of those documents and any allegations inconsistent with those documents.  Defendants admit that a response was provided to Sarah Salem on February 4, 2025, confirming receipt of payment.  Defendant denies the remaining allegations in Paragraph 33.

34.    Defendant admits it restored Sarah Salem's ability to make online payments on February 5, 2025.  Defendants admit that Sarah Salem sent an email to two of its employees on February 6, 2025, but denies Plaintiffs' characterization of the document and any allegations inconsistent with the email.

35.    Defendant admit that Daniel Sloan is its President and that he is a licensed real estate broker.  Defendant admits that Daniel Sloan sent Sarah Salem an email on February 7, 2025, but denies Plaintiffs' characterization of the email and any allegations inconsistent with the email.

36.    Defendant denies it was "willing to act unlawfully in their interactions with Ms. Salem and Mr. Massoud."  Defendant admits it is aware that a complaint was submitted to the Los Angeles Housing Department.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 36 and, on that basis, denies the remaining allegations in Paragraph 36.

37.    Defendant admits that Lowelon Nara sent Sarah Salem an email with a lease application link on February 19, 2025.  Defendant admits that Lowelon Nara is its Vice President and is a licensed real estate agent.  Defendant admits that Janely Leal sent Sarah Salem an email on February 20, 2025, but denies Plaintiffs' characterization of the email and any allegations inconsistent with the email. Defendant admits that an application was submitted for Naif Massoud on February 21, 2025.  Defendant denies the remaining allegations in Paragraph 37.

38. Defendant denies Plaintiffs' characterization of the lease application described in Paragraph 38 and any allegations inconsistent with the document.

39. Defendant denies Plaintiffs' characterization of the application contained in the first two sentences and the last clause of the last sentence of Paragraph 39 and any allegations inconsistent with the document. Defendant admits Naif Massoud provided a purported German passport and purported pay stubs for Sarah Salem. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 39 and, on that basis, denies the remaining allegations in Paragraph 39.

40. Defendant admits the allegations in Paragraph 40.

41. Defendant admits the allegations in Paragraph 41.

42. Defendant admits that Michael Kraut sent an email to it as alleged but denies Plaintiffs' characterization of the email and any allegations inconsistent with the email.

43. Defendant is unable to admit or deny the description of a telephone conversation between Michael Kraut and Sarah Salem and on that basis denies the allegations in Paragraph 43.

44. Defendant cannot admit or deny any allegation claiming or inferring a "practice" by Michael Kraut and, on that basis, Defendant denies the allegations in the first sentence of Paragraph 44. Defendant admits that Michael Kraut sent an email stating generally the claims in the second and third sentences of Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendants admit that Naif Massoud's lease application was considered and declined. Defendant admits that Howard's Operations Manager, Janely Leal, sent

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

a letter to Sarah Salem on March 3, 2025, but deny Plaintiffs' characterization of the letter referenced in Paragraph 45 and any allegations inconsistent with the document. Defendant denies the remaining allegations in Paragraph 47.

48. Defendant lacks sufficient information to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 48 and, on that basis, denies those allegations. Defendant denies the remaining allegations in Paragraph 48.

49. Defendant admits that the Los Angeles Housing Department sent two letters dated March 5, 2025, but denies Plaintiffs' characterization of the letters referenced in Paragraph 49 and deny any allegations inconsistent with the documents.

50. Defendant denies that Plaintiffs experienced any discrimination by it or, upon information and belief, by Michael Kraut. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 50 and, on that basis, denies them. Defendant admits having seen references that Michael Kraut spoke with Michael Zar by telephone on March 7, 2025, and that Mr. Zar requested that Mr. Kraut approve Naif Massoud as a tenant at the Property. Defendant can neither admit nor deny the oral statements attributed to Michael Kraut in the telephone conversation referenced in Paragraph 48. Defendant denies any remaining allegations in Paragraph 50.

51. Defendant can neither admit nor deny any of the oral statements by Michael Kraut in the telephone conversation referenced in Paragraph 51, and thereon cannot admit or deny whether any oral statements "contradicted the instructions in the application," as pled. Defendant thereon denies any remaining allegations in Paragraph 51. Defendant further denies Plaintiffs' characterization of the application referenced in the second sentence of Paragraph 51 and any allegations inconsistent with the document.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

52. Defendant admits that Michael Kraut received an email from Michael Zar dated March 18, 2025, but denies Plaintiffs' characterization of it as referenced in Paragraph 52, and denies any allegations inconsistent with the document. Defendant denies the remaining allegations in Paragraph 52.

53. Defendant admits that Michael Kraut sent two emails to Michael Zar dated March 18, 2025, but denies Plaintiffs' characterization of those emails referenced in Paragraph 51 and any allegations inconsistent with the documents. Defendant denies the remaining allegations in Paragraph 51.

54. Defendant admits that Michael Kraut emailed Naif Massoud on March 14, 2025, and attached to that email a document titled "Notice of Trespass," but denies Plaintiffs' characterization of the email and its attachment and any allegations inconsistent with the documents. Defendant denies that Kraut indicated the "Notice of Trespass" was "from the LAPD." Defendants admit that the "Notice of Trespass" is a publicly available document located on the internet. Defendants deny the remaining allegations in Paragraph 54.

55. Defendants admit that a "Notice of Trespass" and a Three-Day Notice to Perform or Quit signed by Janely Leal were placed on Sarah Salem's door on March 14, 2025, but denies Plaintiffs' characterization of those documents and any allegations inconsistent with those documents. Defendant denies the remaining allegations in Paragraph 55.

56. Defendant lack sufficient information to admit or deny the truth of the allegations in the first sentence of Paragraph 56. Defendants deny the remaining allegations in Paragraph 56.

57. Defendant admits that Naif Massoud emailed Michael Kraut and several employees at Howard Management, including Daniel Sloan, Lowelon Nara, and Janely Leal, on March 18, 19, and 20, 2025, but denies Plaintiffs' characterizations of those documents and any allegations inconsistent with those documents. Defendant admits that, as alleged in Paragraph 57, Michael Kraut

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

responded by email to Mr. Massoud on March 20, 2025, but denies Plaintiffs' characterizations of that document and any allegations inconsistent with that document.

58.    Defendant admits that Rodney Leggett sent Michael Kraut an email dated April 10, 2025, but denies Plaintiffs' characterization of that document and any allegations inconsistent with that document.  Defendant denies the remaining allegations in Paragraph 58.

59.    Defendant admits that Michael Kraut sent Rodney Leggett an email on April 14, 2025, but denies Plaintiffs' characterization of that document and any allegations inconsistent with that document.  Defendant admits that one of its employees sent an email to Sarah Salem on April 14, 2025 with the subject "Guest Policy Update – Backdated 4/9/25," and attached a document titled "Guest Policy Update," but denies Plaintiffs' characterization of those documents and any allegations inconsistent with those documents.  Defendants denies the remaining allegations in Paragraph 59.

60.    Defendant admits that Rodney Leggett sent an email to two of Defendant's employees dated July 3, 2025 attaching a letter, but Defendant denies Plaintiffs' characterization of those documents in Paragraph 60 and any allegations inconsistent with those documents.

61.    Defendant admits that Michael Kraut sent an email to Rodney Leggett on July 13, 2025, but Defendant denies Plaintiffs' characterization of that document in Paragraph 61 and any allegations inconsistent with that document.

62.    Defendant admits that Michael Kraut sent an email to Rodney Leggett dated July 25, 2025, and that it contained some or all of the phrases quoted in Paragraph 62, but Defendant denies Plaintiffs' characterization of that email or those phrases and denies any allegations inconsistent with that email.

63.    Defendant admits that Michael Kraut sent an email to Rodney Leggett dated July 30, 2025, and that it contained some or all of the phrases

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

quoted in Paragraph 63, but Defendant denies Plaintiffs' characterization of that email or those phrases and denies any allegations inconsistent with that email.

64. Defendant denies that it engaged in a "campaign of harassment, discrimination, and family separation[.]" Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 64 and, on that basis, denies the remaining allegations in Paragraph 64.

65. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 65 and, on that basis, denies the allegations.

66. Defendant admit that it received an email in June 2025 inquiring about a two-bedroom vacancy at a different property managed by it (and owned by KM Cadet, LLC), i.e., not the Property alleged in the Second Amended Complaint, but denies that an application was ever provided to the person making that inquiry. Defendant lacks sufficient information to admit or deny the truth of the allegation in Paragraph 66 that a Housing Rights Center employee posing as a prospective tenant sent the referenced email and, on that basis, denies that allegation. The remainder of Paragraph 66 consists of legal conclusions and/or arguments to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 66.

67. Defendant admits the existence of the email referenced in Paragraph 67, but denies Plaintiffs' characterization of that email any allegations inconsistent with the document. Defendant lacks sufficient knowledge to admit or deny the truth of the remaining allegations in Paragraph 67, and, on that basis, denies the remaining allegations in Paragraph 67.

68. Defendant admits that one of its employees responded to the email as referenced in Paragraph 68, but denies Plaintiffs' characterization of the email referenced in Paragraph 68 and any allegations inconsistent with the document.

## IV. <u>INJURIES</u>

69. Defendant denies the allegations in Paragraph 69.

HOWARD MANAGEMENT GROUP, INC.'s ANSWER TO SECOND AMENDED COMPLAINT

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

70. Defendant admits that the Second Amended Complaint contains a request for punitive damages. The remaining allegations in Paragraph 70 consist of legal conclusions and/or argument to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 70.

71. Paragraph 71 consists of legal conclusions and/or argument to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 71.

72. Paragraph 72 consists of legal conclusions and/or argument to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 72.

## CAUSES OF ACTION

### First Claim: Federal Fair Housing Act

### (All Plaintiffs v. All Defendants)

73. Defendant incorporates its responses to Paragraph 1 through 72 as though fully set forth herein.

74. Paragraph 74 consists of legal conclusions and/or argument to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 74.

75. Paragraph 75 consists of legal conclusions and/or argument to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 75.

76. Paragraph 76 consists of legal conclusions and/or argument to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 76.

77. Paragraph 77 consists of legal conclusions and/or argument to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 77.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

## **Second Claim: California Fair Employment and Housing Act**

### **(All Plaintiffs v. All Defendants)**

78.     Defendant incorporates its responses to Paragraph 1 through 77 as though fully set forth herein.

79.     Paragraph 79 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80.     Paragraph 80 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 80.

81.     Paragraph 81 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 81.

82.     Paragraph 82 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 82.

83.     Paragraph 83 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 83.

84.     Paragraph 84 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 84.

85.     Paragraph 85 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 85.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

### Third Claim: Unruh Act

**(All Plaintiffs v. All Defendants)**

86.    Defendant incorporates its responses to Paragraph 1 through 85 as though fully set forth herein.

87.    Paragraph 87 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 87.

88.    Paragraph 88 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 88.

89.    Paragraph 89 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 89.

90.    Paragraph 90 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 90.

91.    Paragraph 91 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 91.

92.    Paragraph 92 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 92.

### Fourth Claim: California Unfair Competition Law

**(All Plaintiffs v. All Defendants)**

93.    Defendant incorporates its responses to Paragraph 1 through 92 as though fully set forth herein.

94. Paragraph 94 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 94.

95. Paragraph 95 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 95.

96. Paragraph 96 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 96.

97. Paragraph 97 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 97.

98. Paragraph 98 consists of legal conclusions and/or argument to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 98.

**Fifth Claim: Los Angeles Tenant Anti-Harassment Ordinance**

**(All Plaintiffs v. All Defendants)**

99. Defendant incorporates its responses to Paragraph 1 through 98 as though fully set forth herein.

100. Paragraph 100 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 100.

101. Paragraph 101 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 101.

102. Paragraph 102 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

allegations in Paragraph 102.

### Sixth Claim: Breach of Covenant of Quiet Enjoyment

### (Plaintiff Salem v. All Defendants)

103.   Defendant incorporates its responses to Paragraph 1 through 102 as though fully set forth herein.

104.   Paragraph 104 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 104.

### Seventh Claim: Immigration Status Discrimination

### (All Plaintiffs v. All Defendants)

105.    Defendant incorporate its responses to Paragraph 1 through 104 as though fully set forth herein.

106.   Paragraph 106 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 106.

107.   Paragraph 107 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 107.

### Eighth Claim: Negligence

### (All Plaintiffs v. All Defendants)

108.   Defendant incorporates its responses to Paragraph 1 through 107 as though fully set forth herein.

109.   Paragraph 109 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 109.

110.   Paragraph 110 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 110.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

### Ninth Claim: Section 1981 of the Civil Rights Act of 1866

### (Plaintiff Massoud v. All Defendants)

111.   Defendant incorporates its responses to Paragraph 1 through 110 as though fully set forth herein.

112.   Paragraph 112 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 112.

113.   Defendant lack sufficient information to admit or deny the legal conclusions attendant to the allegation that "Plaintiff Massoud is an alien," as pled in Paragraph 113, and on that basis denies that allegation.

114.   Paragraph 114 consists of legal conclusions and/or arguments to which a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 114.

115.   Paragraph 115 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 115.

116.   Paragraph 116 contains legal conclusions and/or argument to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 116.

## V.     AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses to the purported causes of action contained in Plaintiffs' Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

### (*Failure to State a Claim*)

The Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

## SECOND AFFIRMATIVE DEFENSE

### (*No Discrimination*)

All actions taken by Defendant with respect to Plaintiffs were, at all relevant times, taken for legitimate, non-discriminatory and non-retaliatory reasons in good faith without any intent to discriminate or retaliate against Plaintiffs in any manner prohibited by law or public policy.

## THIRD AFFIRMATIVE DEFENSE

### (*Statute of Limitations*)

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitation.

## FOURTH AFFIRMATIVE DEFENSE

### (*No Causation*)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were not caused by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (*Failure to Mitigate Damages*)

Plaintiffs failed to take reasonable steps to mitigate their alleged damages, if any, and any recoverable damages must be reduced accordingly.

## SIXTH AFFIRMATIVE DEFENSE

### (*Mootness*)

Plaintiffs' claims are barred, in whole or in part, because some or all of the allegations or claims in the Second Amended Complaint are moot.

## SEVENTH AFFIRMATIVE DEFENSE

### (*No Damages*)

Without admitting that the Second Amended Complaint states a claim, there have been no damages in any amount, manner, or at all by reason of any act alleged against Defendant in the Second Amended Complaint, and the relief prayed for in the Second Amended Complaint therefore cannot be granted.

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

## EIGHTH AFFIRMATIVE DEFENSE

### (*Absence of Malice*)

Any acts or omissions by Defendant, if any, were not the result of oppression, fraud, or malice.

## NINTH AFFIRMATIVE DEFENSE

### (*Unclean Hands*)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (*Laches*)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*Estoppel*)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (*Conduct Not Wrongful*)

Plaintiffs' claims are barred, in whole or in part, because Defendant's conduct was not wrong or otherwise unlawful.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*Standing*)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (*Waiver*)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant reserves its right to add, delete, or modify any and all defenses which may pertain to the Second Amended Complaint that are now or may become

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

available in this action through clarification or further amendment of the Second Amended Complaint, through discovery, through further legal analysis of Plaintiffs' or Defendants' claims and positions in this litigation, or otherwise.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant Howard Management Group, Inc., prays for judgment as follows:

1.  That Plaintiffs take nothing by their Second Amended Complaint on file herein;

2.  That judgment be entered in favor of Defendant and against Plaintiffs on all causes of action;

3.  That Defendant be awarded its reasonable attorneys' fees and the costs of suit incurred herein;  and

4.  That Defendant be awarded such other and further relief as the Court may deem appropriate.

Date: April 9, 2026

WOOD SMITH HENNING & BERMAN, LLP

_S. Caine_

_____

STEPHEN M. CAINE
FRANCES M. O'MEARA
Attorneys for Defendant Howard
Management Group, LLP

## **REQUEST FOR JURY TRIAL**

Defendant Howard Management Group, Inc., hereby requests a jury trial for all apppropriate issues in this matter.

Date: April 9, 2026                              WOOD SMITH HENNING & BERMAN, LLP

*S. Caine*

STEPHEN M. CAINE
FRANCES M. O'MEARA
Attorneys for Defendant Howard
Management Group, LLP

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ♦ FAX 310.481.7650

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all attorneys of record.

Date: April 9, 2026

WOOD SMITH HENNING & BERMAN, LLP

*S. Caine*

STEPHEN M. CAINE
FRANCES M. O'MEARA
Attorneys for Defendant Howard
Management Group, LLP

WOOD, SMITH, HENNING & BERMAN LLP
401 WILSHIRE BLVD, SUITE 1070
SANTA MONICA, CALIFORNIA 90401
TELEPHONE 310.481.7600 ◆ FAX 310.481.7650

42712255.1:12983-0002

-24-

Case No. 8:28-cv-01544-FES-ADS

HOWARD MANAGEMENT GROUP, INC.'s ANSWER TO SECOND AMENDED COMPLAINT