UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01544-FWS-ADS                    Date: May 26, 2026
Title: Sarah Salem *et al.* v. Michael Kraut *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendant:

Not Present                                        Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF SARAH SALEM'S MOTION TO DISMISS DEFENDANT MICHAEL KRAUT'S COUNTERCLAIM [95]**

In this case, Defendant Michael Kraut ("Kraut") pleads a counterclaim against Plaintiff Sarah Salem ("Salem") for intentional infliction of emotional distress ("IIED"). (Dkt. 81 at 23 ("Counterclaim" or "CC") ¶¶ 1-66.) Before the court is Salem's Motion to Dismiss the Counterclaim. (Dkt. 95 ("Motion" or "Mot.").) Kraut opposes the Motion. (Dkt. 104 ("Opp.").) Salem filed a reply in support of the Motion. (Dkt. 107.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the **hearing** set for **May 28, 2026**, (Dkt. 109), is **VACATED** and **OFF CALENDAR**. Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

## I.      Summary of the Counterclaim's Allegations

Kraut has been Salem's landlord at 1492 Silverlake Blvd., Unit 4 (the "Subject Property") since 2013. (CC ¶ 12.) On January 16, 2025, Kraut visited the Subject Property and discovered that Plaintiff Naif Massoud ("Massoud") was in the unit. (*Id.* ¶ 16.) Massoud was an unauthorized occupant whom Salem kept hidden for years in violation of Salem's lease agreement. (*Id.*) About a month later, Massoud sent a rental application to become a tenant which was ultimately denied. (*Id.* ¶ 17.) Then, on March 3, 2025, Defendant Howard

---

**CIVIL MINUTES – GENERAL**                                                                 1

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01544-FWS-ADS                                    Date: May 26, 2026
Title: Sarah Salem *et al.* v. Michael Kraut *et al.*

Management sent Salem a letter indicating Massoud needed to immediately vacate the unit.  (*Id.* ¶ 20.)

On March 9, 2025, Salem exchanged text messages with her friend Courtney Bloom ("Bloom"), the chief executive officer of an artificial intelligence company.  (*Id.* ¶¶ 4, 28.) Salem told Bloom the issues with Kraut and that Salem should "'retaliate by [calling social] services accusing [Kraut] of molesting his serogate [sic] sons with his husband.'"  (*Id.* ¶ 29.) "Salem testified at her deposition that she had no reason to believe that [] Kraut, who is gay, or his husband had molested their children."  (*Id.* ¶ 30.)  "Salem admitted that she contemplated making a false accusation of child molestation against [] Kraut as a form of retaliation."  (*Id.* ¶ 32.)  Bloom responded, "'what's your [landlord] name. i'm gonna go on the dark web and wreck his credit.'"  (*Id.* ¶ 34.)  "Salem enthusiastically responded: 'Sweeeeet.'"  (*Id.* ¶ 35.)

"Bloom indicated some apparent hesitation by stating 'lmao i'm not[],'" and Salem then provided Bloom with Kraut's full name.  (*Id.* ¶ 36.)  Bloom then responded, "'But it's an option'" and Salem then stated, "'Do it.'"  (*Id.* ¶ 37.)  Bloom looked up Kraut on the internet and stated, "'oh shit, he's a criminal defense attorney,'" to which Salem responded, "'Yes Total piece of shit.'"  (*Id.* ¶ 38.)  Salem admitted that she never told Bloom not to proceed with the plan to wreck Kraut's credit on the dark web.  (*Id.* ¶ 42.)

Following the March 9, 2025, text exchange, Kraut experienced a pattern of fraudulent attempts to obtain loans and credit cards in his name.  (*Id.* ¶ 45.)  Kraut learned from a bank's fraud unit that a fraudulent card was to be sent to an address in West Hollywood.  (*Id.* ¶ 46.) The temporal proximity between Salem's conversation with Bloom and the fraudulent activity regarding Kraut, combined with Salem's animosity towards Kraut, raises an inference that the scheme to wreck Kraut's credit was executed.  (*Id.* ¶ 48.)

The fraudulent credit applications submitted in Kraut's name have damaged his credit profile, potentially lowering his credit score and signaling to legitimate creditors that he may be overextended or engaged in suspicious borrowing behavior.  (*Id.* ¶ 50.)  "Kraut has been forced to spend substantial time and effort to monitor his credit reports, responding to fraud alerts and taking protective measures to prevent further identity theft."  (*Id.* ¶ 51.)  "Kraut experienced, among other things, significant anxiety and distress, difficulty concentrating, persistent fear for

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01544-FWS-ADS                              Date: May 26, 2026
Title: Sarah Salem *et al.* v. Michael Kraut *et al.*

the security of his financial identity, and feelings of violation." (*Id.* ¶ 52.) "Kraut also has persistent feelings of anxiety that his personal information is potentially circulating in criminal networks where it can be exploited at any time." (*Id.*)

## II.    Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01544-FWS-ADS                          Date: May 26, 2026
Title: Sarah Salem *et al.* v. Michael Kraut *et al.*

require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E.*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

## III.    Analysis

Salem moves to dismiss Kraut's IIED counterclaim, arguing that Kraut fails to sufficiently allege each element of his counterclaim. (Mot. at 18.)

"A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (citation modified).

The court considers whether Kraut adequately alleges (1) extreme or outrageous conduct by Salem and (2) that Kraut suffered severe or extreme emotional distress.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01544-FWS-ADS                    Date: May 26, 2026
Title: Sarah Salem *et al.* v. Michael Kraut *et al.*

## 1.      Extreme or Outrageous Conduct

Salem argues that Kraut fails to adequately allege extreme or outrageous conduct by Salem.  (Mot. at 25-29.)  Kraut responds that Salem's alleged conduct was extreme and outrageous.  (Opp. at 18-21.)

"A [party]'s conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Hughes*, 46 Cal. 4th at 1050-51 (citation modified).  "Generally, conduct will be found to be actionable where the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"  *Berkley v. Dowds*, 152 Cal. App. 4th 518, 533-34 (2007) (citation modified).  "Whether a [party]'s conduct can reasonably be found to be outrageous is a question of law that must initially be determined by the court; if reasonable persons may differ, it is for the jury to determine whether the conduct was, in fact, outrageous."  *Id.* at 534.

The court finds that Kraut fails to adequately allege extreme or outrageous conduct by Salem.  *See id.*  Kraut alleges that Bloom stated, "'what's your [landlord's] name. i'm gonna go on the dark web and wreck his credit,'" (CC ¶ 34), to which Salem responded, "'Sweeeeet,'" (*id.* ¶ 35).  Kraut further alleges that "Bloom indicated some apparent hesitation by stating 'lmao i'm not[],'" and Salem then provided Bloom with Kraut's full name.  (*Id.* ¶ 36.)  Kraut also alleges that Bloom responded, "'But it's an option'" and Salem then stated, "'Do it.'"  (*Id.* ¶ 37.)  The court finds such allegations insufficient to allege Salem's conduct was "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Hughes*, 46 Cal. 4th at 1050-51.  Salem's alleged actions were limited, and Kraut does not allege that Bloom even acted on Salem's statements.   Rather, Kraut alleges that the temporal proximity between Salem's directive to Bloom and the commencement of fraudulent activity targeting Kraut, combined with Salem's animosity towards Kraut, supports the inference that the scheme to wreck Kraut's credit was executed.  (CC ¶ 48.)  And regarding the fraudulent activity, Kraut only alleges one instance of such activity where he "learn[ed] from a bank's fraud unit that a fraudulent card was to be sent to an address in West Hollywood."  (*Id.* ¶ 46.)  Given the alleged circumstances, the court is not persuaded that Salem allegedly telling Bloom to go forward with the option of wrecking Kraut's credit on the dark web, an option Bloom presented, and providing Bloom with Kraut's full name is "atrocious, and utterly intolerable in a civilized

_____

**CIVIL MINUTES – GENERAL**                                                    **5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01544-FWS-ADS                                        Date: May 26, 2026
Title: Sarah Salem *et al.* v. Michael Kraut *et al.*

community." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 496 (1998); *see also Wynne v. Arteaga*, 2024 WL 405049, at *9-10 (N.D. Cal. Feb. 2, 2024) (concluding that stealing, receiving, and/or unlawfully obtaining plaintiff's SSN and recklessly using it does not constitute extreme and outrageous conduct even if it may have been illegal and criminal); *Mandel v. Hafermann*, 503 F. Supp. 3d 946, 981-82 (N.D. Cal. 2020) (finding the alleged theft of hard drives is not extreme or outrageous).  Accordingly, the Motion is **GRANTED**.[1]

### 2.      Severe or Extreme Emotional Distress

Even if the court found that Kraut adequately alleged extreme or outrageous conduct, the court would find that Kraut fails to adequately allege he suffered severe emotional distress.

"With respect to the requirement that the plaintiff show severe emotional distress, this court has set a high bar.  Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Hughes*, 46 Cal. 4th at 1051.  Courts have found that lost sleep, "discomfort, worry, anxiety, upset stomach, concern, and agitation" do not constitute severe enough emotional distress for an IIED claim, while "complete disruption of life and diagnosis of depression" and "tightness in chest, heart palpitations, panic attacks, depression, insomnia, and diagnosis of post traumatic stress disorder" do.  *Wong v. Jing*, 189 Cal. App. 4th 1354, 1376-77 (2010) (citing *Saari v. Jongordon Corp.*, 5 Cal. App. 4th 797 (1992) and *Kelly–Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397 (1994)).

Kraut alleges that, because of Salem's misconduct, he experienced "significant anxiety and distress, difficulty concentrating, persistent fear for the security of his financial identity, and feelings of violation." (CC ¶ 52.)  Kraut further alleges that he "has persistent feelings of anxiety that his personal information is potentially circulating in criminal networks where it can be exploited at any time." (*Id.*)  Even if Kraut adequately alleged the other elements of his IIED counterclaim, the court would find the aforementioned allegations insufficient to allege

---

[1] The parties dispute whether the counterclaim is subject to Rule 9(b).  (*See* Mot. at 14-18; Opp. at 9-13.)  Because Kraut fails to satisfy the pleading standard under Rule 8, the court need not address whether Rule 9(b)'s heightened pleading standard applies here.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01544-FWS-ADS                    Date: May 26, 2026
Title: Sarah Salem *et al.* v. Michael Kraut *et al.*

"emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Hughes*, 46 Cal. 4th at 1051; *see also Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1246 (9th Cir. 2013) (emotional injuries manifesting as anxiety, sleeplessness, upset stomach, and sometimes muscle twitches alone do not rise to the level of severe).

However, because the court cannot determine at this stage that granting leave to amend would be futile, the court will grant Kraut leave to amend his counterclaim. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'") (quoting *Balistreri*, 901 F.2d at 701); *Ctr. for Bio. Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) ("Amendment is futile when 'it is clear . . . that the complaint could not be saved by any amendment.'") (quoting *Armstrong v. Reynolds*, 22 F.4th 1058, 1071 (9th Cir. 2022)). Accordingly, the court **GRANTS LEAVE TO AMEND**.

## IV.  Disposition

For the reasons stated above, the court **GRANTS** the Motion. Kraut's claim for IIED is **DISMISSED WITH LEAVE TO AMEND**.

If Kraut believes he can cure the deficiencies described in this Order, Kraut shall file any amended counterclaim on or before **June 9, 2026**. Failure to file an amended counterclaim on or before the deadline set by the court will result in the dismissal of the counterclaim with prejudice without further notice for failure to prosecute and/or comply with a court order. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (citation modified); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01544-FWS-ADS                    Date: May 26, 2026
Title: Sarah Salem *et al.* v. Michael Kraut *et al.*

with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").